**UNITED STATES of America,**

v.

**Charod BECTON, Defendant.**

**No. 02 Cr. 451 (RO).**

United States District Court,
S.D. New York.

Aug. 3, 2006.

does *not* claim the 'substantial majority' lan-   guage as misleading.") (emphasis in original).

**434**

Avraham C. Moskowitz, Moskowitz & Book, LLP, and Jeremy Schneider, Rothman Schneider, Soloway & Stern, New York City, for defendant Charod Becton.

### OPINION AND ORDER

OWEN, District Judge.

■ I am in receipt of three applications from defendant Becton, addressed to the sentencing phase of this potential capital case, which alleges three murders. The first application asks for the issuance of subpoenas addressed to the Social Security Administration and the Department of Veterans' Affairs for their *entire* files having to do with the financial benefits defendant Becton's mother received following her husband Jasper Becton's death during the period of the defendant's childhood—however long that was. The application is pursuant to Title 21 U.S.C. § 848(q)(9) (now codified at 18 U.S.C. § 3599(f)), which permits such a subpoena when the Court determines that it is "reasonably necessary for the representation of the defendant ... in connection with ... [his] sentence."

It appears to the Court that Becton's application for this quite prolific demand of entire files is only to "confirm whether or not the defendant's mother received financial benefits as a result of Jasper Becton's death, for the defendant, during his childhood." But as I see it, this information is obviously obtainable in sufficiently usable "ballpark" form for presentation to the Court by testimony from the defendant's mother. I see no

need to impose the substantial efforts of obtaining entire files on the father from either Social Security or Veterans' Affairs, for what at appear at most to be details, and accordingly, it not appearing "reasonably necessary", the application is denied.

■ The second request is for an order directing the New York City Department of Education to release "the entire record" of the defendant's cousin Sheena Nicholson, and to provide the name and address of a Ms. Walters, a third grade teacher of Ms. Nicholson, in or about 1992 to 1994. This is on Becton's counsel's assertion that because neither of Ms. Nicholson's parents were available during her childhood to take part in necessary parent-teacher meetings, the defendant is said to have "filled this role". The application is denied. The information appears to be sufficiently usable through testimony of Ms. Nicholson herself and I do not see it as "reasonably necessary" to put these city agencies to the obviously substantial investigative effort of producing her "entire educational record" for this purpose. Nor is it appropriate given the asserted limited use here to have Ms. Nicholson's entire school history possibly become public record.

■ The third application is to permit the defendant to "retain a videographer to video interviews to be conducted of the [defendant's] young children ... for use during the penalty stage of trial, if necessary". The application asserts the children are too young to withstand the pressure of testifying in Court. While apparently this has been permitted before, I am troubled by the fact that this format obviously excludes the prosecution from engaging in appropriate, sensitively conducted, cross-examination of the children on whatever the defendant will seek to elicit in the penalty phase, should that be reached. Obviously, still photographs of the children are of course admissible to establish their existence. But if more is desired, it must be under Court-controlled circumstances. Accordingly, as requested by defendant Becton in counsel's letter of July 19, the application in the form requested is denied.

I note that all three of the above applications have been made under a heading "Ex Parte and Under Seal," and cite the predecessor to Title 18 U.S.C. § 3599(f) both of which provide:

> No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality.

I do not find a proper showing has been made concerning a need for confidentiality and none of the above involve defense strategy, given that term's customary meaning, nor do they appear in any way to involve "communications among defense counsel", but apply only to the penalty phase of that sole defendant, and counsel's efforts directed thereto. I therefore find no need for confidentiality and decline to place the applications for this order or this opinion under seal.

The above is so ordered.